No. 41.—John B. Parker and others, plaintiffs in error, *vs.* Jackson Chambliss, defendant.

[1.] In this State, a tenant in dower, is liable for waste committed on the estate, but she does not thereby forfeit her estate, and treble damages as provided by the Statute of Gloucester. The remedy against her is by an action on the case, in the nature of waste, to recover the actual damage done to the estate; or by an injunction to restrain her from committing waste, when necessary, on a proper case made.

Ejectment, from Bibb Superior Court. Tried before Judge Powers. May Term, 1852.

This case was made on an agreed statement of facts. The plaintiffs were heirs at law of certain land, which was held by the widow (or her lessee) by right of dower.

It was admitted that waste had been committed on the land by the widow or her lessee, and the question was, whether the Statute of *Edward VI*, known as the Statute of Gloucester, is

of force in Georgia, by which the tenant for life, committing waste, is liable for treble damages, and forfeits the life estate.

The Court held that the Statute was not of force, and consequently that the action would not lie ; to which decision plaintiffs except..

WHITTLE, for plaintiffs in error.

STUBBS & HILL, for defendant.

*By the Court.*—WARNER J. delivering the opinion.

This was an action of ejectment brought by the heirs at law of Simon Parker deceased, to recover the possession of the premises in dispute, which had been assigned to Rachel Parker, the widow of the decedent, as her dower in his estate. The plaintiffs claim the right to recover the possession of the land, on the ground, that the tenant in dower had committed *waste,* and thereby had *forfeited* her estate, according to the Statute of 6 *Edward I.* commonly called the Statute of Gloucester. By the provisions of that Statute, if the tenant in dower shall commit waste, she shall lose the thing wasted, and make satisfaction of treble of what the waste shall be taxed at. 7 *Comyn's Dig.* top page 660, *letter* C. 1. *title Waste by the Statute of Gloucester.* The question made by this record is, whether that portion of the Statute of Gloucester which declares, that the tenant in dower who shall commit *waste* shall forfeit her estate, and *treble damages,* is of force in this State? In some of the States of the American Union, this Statute has been adopted, and recognized as being of force ; in others, it has only been recognized and adopted in such a modified form only, as was supposed to be best adapted to the condition and circumstances of the people thereof. By the preamble to our Act of 1784, adopting the Common and Statute Laws of England, it is quite apparent, that only so much thereof as were *properly adapted to the circumstances of the inhabitants of this State,* should be considered of force here. *Prince,* 570. Now, it is extremely diffi-

Parker and others *vs.* Chambliss.

cult to maintain that the Statute of Gloucester is of force here, in respect to the *forfeiture* of the widow's dower, for *waste* committed, either actual or permissive, without also maintaining the whole doctrine of the Common Law of England in regard to waste, originating as it did to a very great extent, in the *feudal policy* of that country. *In Chapman vs. Schroeder*, (10 *Georgia Rep.* 321,) we had occasion to give to this question of waste, a partial consideration.

The argument is, that what shall or shall not constitute *waste* in this State, is not involved in this question; but that the question here is, whether, if the tenant in dower shall do such acts as are conceded *to be waste in this State*, she shall not then *forfeit* her dower, and treble damages? This would, in our judgment, be an exceedingly *harsh* remedy, and one that, so far as we know, or have been informed, has never obtained in practice in this State. In England, this *stringent* remedy was doubtless intended for the benefit of the *feudal heir*, so that the estate might pass into his possession unimpaired, which would enable him the better to maintain his rank and station, as one of the landed proprietors of the British realm. That a tenant in dower is liable for waste in this State, we do not dispute: but what is the appropriate *remedy* therefor, under our system of jurisprudence, is the question? By the Common Law, after waste committed, an action lies against *tenant in dower*, or guardian in chivalry. 7 *Comyn's Dig. top page,* 658, *letter A. 2 title Action of Waste.* But the remedy was by a *writ of waste*, which *Blackstone* says, is partly founded on the Common Law, and partly upon the Statute of Gloucester. 3 *Bl. Com.* 227. If, upon the trial of a writ of waste, the waste was proved, the plaintiff recovered the thing, or place wasted, and treble damages, by the Statute of Gloucester. *Ibid,* 228. Chancellor *Kent* says, that "as far as the provisions of the Statute of Gloucester are received as *law* in this country, the recovery in an action of waste, for waste done or permitted, is the place wasted, and treble damages; but the writ of waste has gone out of use, and a special action on the case, in the nature of waste, is the substitute: and this latter action, which has *superseded the Common Law remedy*, relieves the

tenant from the *penal* consequences of waste, under the Statute of Gloucester. The plaintiff in this action upon the case, recovers no more than the *actual damages* which the premises have sustained." 4 *Kent's Com.* 81. We therefore adopt and recognize the *principles* of the Common Law, including the Statute of Gloucester, so far as the same make the tenant in dower liable for *waste* committed; but reject the *harsh* and *penal remedy*, provided by that Statute. We intend to say, that as the Common Law, and the Statutes of England, made the tenant in dower liable for waste at the time of our adopting Statute, so is she liable for waste in this State, and that the appropriate remedy therefor, under our Judiciary system, is an action on the case, in the nature of waste, in which the plaintiff may clearly and distinctly set forth his cause of action, and will be entitled to recover the *actual damage* which the premises have sustained, and *no more.* We do not of course intend to decide what would or would not be considered *waste* in this State by the tenant in dower: nor that the heirs or other proper parties would not be entitled to an injunction to restrain the commission of waste by the tenant, on a proper case being made. Our conclusion therefore is, that a tenant in dower is liable for *waste* in this State; that the appropriate *remedy* therefor, is either by an action on the case, in the nature of waste, to recover the *actual damage* sustained, or by injunction, when the latter remedy shall be necessary and proper, and that the tenant in dower does not *forfeit* her estate, and treble damages for waste committed, as provided by the Statute of Gloucester.

Let the judgment of the Court below be affirmed.