### STRINGER v. STRINGER.

1. Where, in consideration of a parol promise, a deed to land is executed and delivered, the maker of the promise is not relieved from performing it by the statute of frauds, there having been full performance by the maker of the deed and acceptance, together with possession thereunder, by the other party.

2. Where it does not affirmatively appear upon the face of the declaration that the cause of action is barred by the statute of limitations, this defence cannot be made by general demurrer setting up that the action is barred by the statute, but is matter for plea.

3. As to a contract to furnish support to another "when called on for help," the statute of limitations does not begin to run till a demand for support has been made, and where the declaration, which was filed June 10th, 1892, alleges that the demand was made in the year 1888, it does not affirmatively appear that the cause of action was barred. It would not be, if the demand was made in 1888 after the tenth day of June.

4. The court erred in sustaining the demurrer to the declaration.

January 27, 1894.  *Judgment reversed.*

Equitable petition. Before Judge WELLBORN. Hall superior court. January term, 1893.

The petition alleges : On July 22, 1871, plaintiff sold defendant a tract of land, described in a copy of the deed attached, for $500. Defendant never paid anything for the land, and under the contract was not to pay anything at that time, and in all probability would never be required to pay anything, as plaintiff was then in good circumstances and thought he never would call on defendant for payment, thinking he would be able to give the land to defendant; but in the abundance of caution he contracted with defendant, his son, at the time and before the deed was made, and it was expressly agreed by them, that he (plaintiff) would make the deed, and should he at any time during his life lose his money and property, become in needy circumstances and call on defendant for help, defendant was to furnish him a support as long as the same was needed by him, or until defendant had furnished $500, the price and value of the land. Some time in 1885 or 1886 plaintiff's mind gave way, and because of this in a short time thereafter his money and property were all swept away and he was left penniless, 65 years old, and unable to do any kind of work to support himself and a helpless wife; and on or about April 15, he was adjudged to be insane and sent

v 93-21

to a lunatic asylum. He remained in the asylum for a considerable time, when it was thought he was restored, and he came home, and some time in 1888 he saw defendant and made known to him his condition, and called upon him for a support according to the terms of their contract, and defendant failed and refused to comply with the contract, and refused to assist him in any way. In a short time after this he was again adjudged to be insane and was sent to the asylum July 22, 1890, and remained there a considerable time, when again it was thought his mind was restored, and he returned home, and finding himself restored to his right mind, again repeatedly called on defendant to carry out the contract, and defendant refused and failed to do so. At the time he so called on defendant he was, is now, and has been all the time since his return from the asylum, old and feeble, without means for support and unable to work for a living; had he been, he would not have called on him for help. He prays for judgment or decree requiring defendant to specifically carry out his contract; that defendant pay him such an amount of money each year during his, petitioner's, lifetime as may appear to be sufficient for a support and maintenance for him, or until he has paid him the amount of $500; and for general relief. The petition was filed June 10, 1892. Defendant demurred upon the grounds that there was no cause of action set forth, and no equity in the complaint; and because the petition shows on its face that if any such contract was ever made as that set forth, it was barred before the commencement of the suit. The demurrer was sustained.

J. M. TOWERY, for plaintiff.
S. C. DUNLAP, for defendant.