## BURNETT *v.* DAVIS & COMPANY.

1. The essential requirements of a plea of usury, where the usury is sought to be recovered back or set off, being prescribed by statute, any defect in such a plea which results in a failure to comply with the statutory requirements is a defect in substance, and may be taken advantage of by a general demurrer in writing or an oral motion to strike.

2. The plea which set forth that the amount sued for was larger than that really due, as a result of a mutual mistake of the parties, was sufficient as against the demurrer filed thereto.

Argued November 28,—Decided December 22. 1905.

Complaint.    Before Judge Hodges.    City court of Macon. June 13, 1905.

W. A. Davis & Company brought suit upon a promissory note, against Burnett and Brown.    Burnett filed an answer at the appearance term, in which he admitted the execution of the note, but alleged that he had executed it under a mistake, and that the amount of his indebtedness was less than the amount of the note. Plaintiff demurred to the answer, on the ground that it set out no legal defense, and demurred specially to various paragraphs therein. Burnett then filed an amendment to his answer, more specifically setting out his plea of mistake.    During the trial term he further amended his answer, by a plea of usury as to a part of the indebtedness sued on.    The demurrer was sustained, the answer and amendments were stricken, and judgment was rendered for the plaintiff.    Burnett excepted.

*J. P. Burnett* and *Steed & Ryals,* for plaintiff in error.
*Hardeman & Jones,* contra.

COBB, P. J.    The first amendment filed by the defendant was verified as to the facts therein set forth, but the affidavit did not conform to the other requirements of the act of 1897 (Acts 1897, p. 35).    The second amendment was verified in strict conformity to the act above referred to.    It does not appear from the record that the judge disallowed either of the amendments, but it would seem that he allowed the amendments, and then struck the plea as amended, as insufficient in law.    The order, after reciting that the defendant had offered two amendments to his plea, and that the plaintiff insisted "upon his demurrers thereto," proceeded to declare that the demurrers were sustained and that the plea and amendments "are all hereby stricken."    The only demurrer contained in the record is a demurrer filed to the original plea, which is broad enough in its terms to raise objections to the plea as amended.    In addition to this, the original plea put the plaintiff upon notice that the defendant relied upon a mistake, but the plea was defective, in that it did not allege that the mistake was mutual, and in other

respects. The first amendment merely amplified the plea, and cured some of the defects therein, and was therefore not an amendment which is required to be verified in the manner prescribed by the act of 1897. See *Conant* v. *Jones, 120 Ga. 568(2)*. We will therefore deal with the case as the judge seems to have dealt with it, by determining whether the pleas were good in substance.

The requirements of a plea of usury, where the purpose of the plea is either to recover back usury paid or set off the same against the plaintiff's demand, are fixed by statute. Civil Code, §5090. The purpose of this statute is to require the defense of usury to be so pleaded that the amount that is sought to be recovered or set off may be determined accurately from the allegations in the plea, without aid from extraneous sources. Any defect, therefore, in such a plea which would prevent the determination of the amount would be a defect in substance, and can be taken advantage of by a general demurrer in writing, or an oral motion to strike. When this test is applied to that portion of the plea which is relied upon as a plea of usury, it is at once seen that the plea is defective, if for no other reason, because there were in the plea blanks as to the date and maturity of some of the notes. Without these blanks being filled, of course, the amount of usury could not be calculated. As to the effect of blanks in a plea of usury, see the remarks of Mr. Chief Justice Bleckley in *Odom* v. *New England Mortgage Co., 91 Ga. 508(2)*. The plea of usury was therefore properly stricken.

2. As to the other plea, the facts alleged are sufficient to show that there was a mutual mistake between the parties as to the amount due at the time that the note sued on was given, and the plea was good in substance. Even if, as contended, the plea is contradictory as to the sum represented by the mistake, this would not make the plea bad, in the absence of a special demurrer raising that objection. If no amendment were made to such a plea, the defendant might be held to the least amount set forth.

Counsel for plaintiff in error in their brief state that the plea was really stricken upon the ground, that, being an equitable plea in its nature calling for affirmative relief, the city court had no jurisdiction to entertain it. There is nothing in the record to indicate that this point was made in the court below; nor does it appear that the judge struck the plea of mistake for this reason, nor does counsel for defendant in error seek to uphold the judg-

ment on this ground. Of course, if this is true, the court would have no jurisdiction, and the judgment would be affirmed without reference to the ground upon which the judge based it. But we think the city court has jurisdiction of such a plea. A city court has jurisdiction to entertain an equitable plea which is purely defensive in its nature, and which if sustained would result simply in a verdict finding generally in favor of the defendant, or reducing the amount of plaintiff's recovery, when such reduction is not brought about by the exercise of any of the extraordinary powers of a court of equity, such as cancellation, reformation, equitable set off, and the like. See *Hecht* v. *Snook & Austin Co.,* 114 *Ga.* 927; *House* v. *Oliver,* 123 *Ga.* 784.

*Judgment reversed. All the Justices concur.*