### LEE *v.* KING.

### LEE *v.* QUARLES.

### LEE *v.* STEPHEN A. RYAN COMPANY.

LUMPKIN, J. 1. A plea of usury must set forth the sum upon which it was paid or to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken, or reserved. A plea which fails to comply with the statute is fatally defective. Civil Code (1910), § 5674; *Burnett* v. *Davis,* 124 *Ga.* 541 (52 S. E. 927). A similar degree of specification is required where it is sought by an independent action to recover usury alleged to have been paid by a debtor to a creditor.

2. An action for the recovery of usury paid is barred in one year. Civil Code (1910), § 3441.

3. In so far as the action at bar was one to recover payments of usury, it failed to set out with any reasonable degree of distinctness the claim sought to be asserted, and was insufficient.

(*a*) An allegation, that, "some two years ago, petitioner borrowed from the defendants the sum of thirty dollars for which a note was given for the sum of thirty-three dollars by him to the defendants, which note fell due thirty days after its date of making," was too vague as to the time when the loan was made, the date of the note, or its maturity. If not subject to general demurrer, such allegations were subject to special demurrer.

(*b*) The petition contains numerous allegations equally vague and uncertain.

4. Under the allegations of the petition, apparently an effort to recover a large part of the payments of usury alleged to have been made is barred by the statute of limitations, and the averments are insufficient to show just what payments of usury can be recovered, if any.

5. In one part of the petition it was alleged that the defendants were engaged in what was known as a loan business, lending money on salary assignments as security for loans. In another part the instrument taken from the plaintiff is referred to as a note. From the al-

39

legations of still another portion it may be inferred that each of the instruments taken contained some character of assignment of salary, as a security for the loan, though it was alleged that the petitoner changed his vocation from time to time and the defendants did not inquire into such change. It is difficult, if not impossible, from the general character of the allegations to determine exactly what was the character of the contracts made between the parties.

6. In so far as the petition sought equitable relief by enjoining the defendants from bringing suit against the petitioner or causing process of garnishment to issue thereon, the allegations were insufficient to authorize the relief prayed, or to show that the petitioner did not have an adequate remedy at law by setting up a defense to such suit.

(a) The sustaining of the demurrer to this equitable petition shall not be taken to prevent any proper plea of payment to an action at law on the note.

(b) A mere general allegation that "the defendants are threatening to garnishee the petitioner's wages, which garnishment will cause petitioner to lose his position with the firms for which he now works," without stating any facts to show that the petitioner will lose his position or be irreparably damaged, or how that result will arise, and the general allegations tending to show that the proceedings will be unlawful, or that the claim which may be asserted will be unfounded, fail to make a case for such equitable relief as was prayed.

7. Allegations that the petitioner had borrowed money from other persons, who were characterized as "money sharks," and that he had paid usury to them, and had borrowed from one to pay another until he had exhausted his borrowing capacity, were irrelevant to any issue sought to be made between the plaintiff and the defendants.

8. The rulings above stated in principle control all three of the cases, which were argued together.

*In each case, judgment affirmed.    All the Justices concur.*
OCTOBER 14, 1914.

Equitable petitions.    Before Judge Bell.    Fulton superior court. October 15, 1913.

*Lawton Nalley,* for plaintiff.    *Gober & Jackson,* for defendants.