Titus, Dekle & Hopkins, contra.

---

## KING BROTHERS & COMPANY v. MOORE.

GILBERT, J. 1. "The essential requirements of a plea of usury, where the usury is sought to be recovered back or set off, being prescribed by statute, any defect in such a plea which results in a failure to comply with the statutory requirements is a defect in substance, and may be taken advantage of by a general demurrer in writing or an oral motion to strike." Burnett v Davis, 124 Ga. 541 (52 S. E. 927); Civil Code (1910), § 5674.

2. "In so far as the action at bar was one to recover payments of usury, it failed to set out with any reasonable degree of distinctness the claim sought to be asserted, and was insufficient." Lee v. King, 142 Ga. 609 (3) (83 S. E. 272). Therefore it was error to overrule the demurrer which pointed out this defect.

3. Where a suit is not instituted for the purpose of recovering usurious payments of money, the same particularity of averments is not required. Carswell v. Hartridge, 55 Ga. 412 (3); Hollis v. Covenant Building & Loan Association, 104 Ga. 318 (2), 322 (31 S. E. 215). If the prayer is to cancel an obligation for the payment of money, on the ground that it has been fully paid in so far as it is valid, the allegation, taken more strongly against the pleader, must unequivocally and clearly show that such payment in full has been made. In this respect the allegations in this case are not sufficient to withstand the demurrer.

4. "An action for the recovery of usury paid is barred in one year." *Lee v. King,* supra; Civil Code (1910), § 3441.

5. The features of the case dealt with in the preceding headnotes being fatal to the entire petition, other assignments of error need not be considered.                    *Judgment reversed.    All the Justices concur.*

     MAY 18, 1917.  REHEARING DENIED JUNE 15, 1917.

Equitable petition.  Before Judge Pendleton.  Fulton superior court.  June 10, 1916.

*Lamar Hill* and *Gober & Jackson,* for plaintiffs in error.

*Owens Johnson, T. B. Felder,* and *L. J. Grossman,* contra.