24095. BENNETT *v.* BENNETT.

*Don K. Johnston,* for plaintiff in error.
*Carter, Carter & Johnson,* contra.

Guerry, J. Mrs. H. L. Bennett filed suit against J. H. Bennett on his promissory note, dated November 2, 1929, and due thirty days thereafter, in the sum of $2000 with interest at 8% from maturity until paid, containing also a provision for attorney's fees. The defendant filed an answer, which he subsequently amended, admitting a prima facie case for recovery in the plaintiff, but set up that the $2000 note was in reality a renewal of loans made by Mrs. Bennett, the plaintiff in this action, in 1927; that from about March 1, 1927, he has paid the plaintiff the sum of $20 each month on said indebtedness until the payment made March 1, 1932, and that the plaintiff has of her own motion applied such payments to interest solely, thereby rendering the contract usurious. Defendant thereby contends that by such conduct the plaintiff has forfeited all right to interest, and that he is therefore entitled to a credit of $1220 on the note. Defendant further pleaded that if the payments should be considered as being general payments without direction, they should therefore be applied to the payment of legal interest and the balance applied to reduction of the principal. The case proceeded to trial and the defendant testified: that he executed the note sued on; that at the time of its execution he was indebted to her in the sum of $2000, the amount of the note, which was a renewal of two notes, one for $1500 and the other for $500, and that the money represented by these notes was borrowed in 1927. *"I paid $20 each month as interest.* I paid $20 each month for the use of this money. . . I paid this every month up until April, 1932, $20 each month. . . I think it was my own proposition that I should pay Mrs. Bennett this 1% a month on this money. I told her I would give her $20 a month for it, 1%. . . Yes, I know the law of usury quite well. At the time I made this suggestion I did not have the question of it being a legal contract in mind. The first time it occurred to me that I was paying usury was when she presented me the bill and told me she was going to

sue it, and I told her at the time that I owed her this money and as soon as I could I would pay it. Each and every payment that I made on the $1500 note and on the $500 note and on this renewal note for $2000 *was paid as interest, and I knew that I was paying it as interest.* I entered into this contract originally and I [it?] was my intention to pay 1% a month of the principal." There was an admitted credit on the note in the sum of $180. The trial judge held that the recovery of all payments made over a year before the filing of the action on the notes was barred, but held that the five payments made within the year were recoverable, and, after giving the defendant credit for this amount on the principal, he directed a verdict for $1720 and attorney's fees. To this the defendant excepted.

■ By § 3426 of the Civil Code (1910) it is provided that the legal rate of interest shall be 7 per cent. per annum, where the rate per cent. is not named in the contract, and any higher rate must be specified in writing, but in no event to exceed 8 per cent. per annum. The reserving and taking, or "contracting to reserve and take, either directly or by indirection," of a greater sum for the use of money than lawful interest, as above set out, is usury (see also *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801, 132 S. E. 221), the penalty for which is, by the act of 1916 (Ga. L. 1916, p. 48), the forfeiture of the entire interest charged or taken. While it is provided by § 3439 that the amount of such forfeiture may be pleaded as a set-off in any action for the recovery of the principal sum loaned or advanced, it is further provided, by section 3441, that "any plea or suit for the recovery of such forfeiture shall not be barred by lapse of time shorter than one year." See also *King* v. *Moore,* 147 *Ga.* 43 (92 S. E. 757) ; *Lee* v. *Stephen A. Ryan Co.,* 142 *Ga.* 609 (83 S. E. 272) ; *Camp Lumber Co.* v. *Citizens Bank of Valdosta,* 142 *Ga.* 84 (82 S. E. 492) ; *Poulk* v. *Cairo Banking Co.,* 158 *Ga.* 338 (123 S. E. 292). If the evidence for the defendant had shown that the payments of $20 per month were general payments, made without direction as to how they should be applied, we think the action of the trial judge would have been error, for it has been many times held that in the absence of any direction to the contrary or any express contract to keep down interest or to satisfy usury charged, the law applies partial payments on written obligations to pay that are infected with

usury, first, to the extinguishment of *legal interest,* and if at the time of such payments they are in excess of the interest due, then to the reduction of the principal; and a plea setting up such payment is not such a plea as is contemplated by section 3441, and therefore could be maintained although filed more than twelve months after such payment. See *Archer* v. *McCray, 59 Ga.* 546; *McGee* v. *Long, 83 Ga.* 156 (9 S. E. 1107); *Quinn* v. *First Nat. Bank of Fitzgerald, 8 Ga. App.* 235 (68 S. E. 1010); *Wilkinson* v. *Wooten, 59 Ga.* 584; *Cheapstead* v. *Frank, 71 Ga.* 549; *Atlanta Savings Bank* v. *Spencer, 107 Ga.* 629 (33 S. E. 878); *Lankford* v. *Peterson, 21 Ga. App.* 1 (93 S. E. 499); *Laing* v. *Hinesville Bank, 31 Ga. App.* 416 (120 S. E. 799). See also *Young* v. *First Nat. Bank, 22 Ga. App.* 59 (95 S. E. 381). Compare *Tomberlin* v. *Waycross Commercial Hotel Inc., 41 Ga. App.* 77; *Shore Acres Properties Inc.* v. *Morgan, 44 Ga. App.* 128 (160 S. E. 705). However, the evidence of the defendant himself disclosed that he agreed to pay the plaintiff 1% per month for the use of her money; that he intended it for interest and it was paid as interest. "The statute of limitations relating to the forfeiture of usurious interest has reference to a set-off claiming such forfeiture, and to suits to recover usury which has been paid. *Thus, where usurious interest has been paid and applied as such, the statute is applicable in a suit brought on the obligation."* *Lankford* v. *Peterson,* supra. (Italics ours.) It is readily apparent that the interest paid which amounted to usury was intended by the defendant as interest, and credited as such, and therefore that which was paid more than a year before the filing of the suit on the obligation can not be set off against such obligation. The trial judge therefore properly so held by giving defendant credit for only those payments made within twelve months and directing a verdict for principal and attorney's fees only.

■ The second headnote needs no elaboration.

*Judgment affirmed.   Broyles, C. J., and MacIntyre, J., concur.*