## 29189. CHATHAM FINANCE COMPANY *v.* EITEL.

DECIDED FEBRUARY 20, 1942.

*Shelby Myrick, Marvin O'Neal Jr.,* for plaintiff in error.
*Lovett, Morris & Hitch,* contra.

MACINTYRE, J.   J. B. Eitel brought suit against the Chatham Finance Company to recover usury alleged to have been paid by the plaintiff. The defendant's general and special demurrers were overruled and it excepted.

The essential requirements of a petition seeking to recover usury alleged to have been paid are that it must set forth the sum upon which it was paid, or to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken, or reserved. *Lee* v. *Stephen A. Ryan Co.,* 142 *Ga.* 609 (83 S. E. 272) ; *Burnett* v. *Davis,* 124 *Ga.* 541 (52 S. E. 927) ; Code, § 81-901. (This rule likewise applies where the usury is sought to be set off. *Burnett* v. *Davis,* supra.) The petition alleges that in January, 1939, the plaintiff borrowed from the defendant $50, payable in two weeks, and that the "loan was renewed at semi-monthly intervals upon the payment of $5 at each time of renewal;" that such procedure continued until August, 1940, during which

time the plaintiff had paid a total of $180 without any reduction of the principal amount. It is also alleged that the legal rate of interest is 8 per cent. per annum, and that by reason of the defendant's charging and receiving payments of interest in excess of the legal rate of interest the defendant has forfeited its right to any interest and is indebted to the plaintiff in the amount of $130, which sum represents the difference between the amount of the loan and the sum of payments actually made. We think that the plaintiff complied with the statutory requirements and the petition is not subject to general demurrer on the ground that it "sets forth no cause of action against this defendant."

Another ground of general demurrer is that the allegations of the petition are in the alternative as to with whom the contract was made, to whom payments as alleged were made, and who is indebted to the petitioner, and that the petition shows on its face that the contract was made with a corporation other than the defendant. In this respect the petition alleged that the contract was made with the "defendant or its predecessor, Chatham Brokerage Company," and that the "defendant succeeded to all the assets and liabilities of the Chatham Brokerage Company, and was, in effect, merely a continuation of the same business under a different legal name and purportedly as a different legal entity, but with the same persons in ownership and control of the business, transacting business through the same agents and representatives and at the same location." In this connection it has been held that "'Where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader.' . . Where any one of several averments alleged in the alternative is insufficient, the entire pleading is rendered bad. In other words, where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is treated as pleading no more than the latter, because it must be construed most strongly against the pleader. [Citations.] In such case the defect may be reached by a general demurrer; whereas, if both alternatives are good in substance, the petition might be subject to special demurrer for duplicity, but would not be subject to general demurrer." *Doyal* v. *Russell,* 183 *Ga.* 518, 534 (189 S. E. 32). Here, under one of the alleged alternatives, the plaintiff alleged that he contracted with

the defendant; under the other alternative with the defendant's predecessor, all the assets. and liabilities of which defendant succeeded to, and that this was in effect merely a continuation of the same business under a different legal name. Under these circumstances the defendant is liable for the debts and obligations of the old company. *Johnson-Battle Lumber Co.* v. *Emanuel Lumber Co.*, 33 *Ga. App.* 517 (126 S. E. 861) ; *Smith* v. *Hedenberg*, 189 *Ga.* 678, 680 (2) (7 S. E. 2d, 234) ; 19 C. J. S. 1353, § 1593. Thus, the legal effect of both alternatives, which are good in substance, was to allege that the plaintiff contracted with the defendant, and the petition is not subject to general demurrer for the reason assigned.

Another ground of general demurrer is that whatever claim the plaintiff might have is barred by the statute of limitations. This contention is made only in the brief of the defendant, and is not for decision under the record. The demurrer must expressly set out a reliance upon the statute. The ruling can not be invoked by a general demurrer stating that "the allegations of the plaintiff's petition set forth no cause of action against the defendant." *Smith* v. *Central of Ga. Ry. Co.*, 146 *Ga.* 59 (90 S. E. 474). The general demurrer was properly overruled as to this ground.

The special demurrers were in effect that the allegation that the alleged contract was a "contract of loan" is a conclusion of the pleader, the contract not being attached to the petition or its contents set out. As shown with reference to a consideration of the general demurrer, the contents of the alleged contract are in effect set out, and it is further alleged that "at the time of the original loan and at the time of each renewal, petitioner executed a contract of some sort, the nature of which is unknown to petitioner, said contract being retained by said defendant and no copy being furnished to your petitioner. Accordingly, your petitioner is unable to attach the contract of loan or a copy thereof." Where, as here, the writing relied on as the basis of a cause of action was set forth in substance, it is not a good ground of special demurrer to the petition that a copy of the writing is not set forth in it or attached thereto as an exhibit. *Lynah* v. *Citizens & Southern Bank*, 136 *Ga.* 344 (2) (71 S. E. 469). Here it is alleged that the contract is in the custody of the defendant and that the plaintiff is unable to attach the written contract of loan or a copy thereof; that under

the contract entered into in January, 1939, he borrowed from the defendant the sum of $50 payable in two weeks; a charge of $5 was made for this loan; he renewed the loan semi-monthly upon the payment of $5 until August, 1940; he has paid $180 without a reduction of the $50 principal. We think the plaintiff substantially complied with the rule stated in Code, § 81-901, and the special demurrers were properly overruled.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*