WRIGHT *v.* CONNER *et al.; et vice versa.*

JENKINS, Presiding Justice. 1. The Code, § 85-604, provides as follows: "The tenant for life shall be entitled to the full use and enjoyment of the property if in such use he exercises the ordinary care of a prudent man for its preservation and protection, and commits no acts tending to the permanent injury of the person entitled in remainder or reversion. For the want of such care and the wilful commission of such acts, he shall forfeit his interest to the remainderman, if he shall elect to claim immediate possession."

2. As will be seen by the statement of facts, all of the land and personalty was devised to the widow for life with the special provision for the use of the corpus for her support, with remainder over to the testator's brothers and sisters, except that it was provided that should she remarry, one specified tract of land would immediately vest in fee simple in the widow, and that the remainder of the realty upon the happening of such contingency would vest in the remaindermen. The defendant demurred specially to the petition for forfeiture as pertaining to this specified tract, in which the remaindermen thus held a vested remainder subject to be divested in favor of the widow upon her remarriage. While it is true that remaindermen, whether the remainder is vested or contingent, may enjoin for waste (*Kollock* v. *Webb,* 113 *Ga.* 762 (2) 39 S. E. 339; *Griswold* v. *Greer,* 18 *Ga.* 545), the rule is different as to the right of forfeiture, since the remainder interest is uncertain, and it cannot be now foretold whether the remaindermen will ever be entitled to take at all. Accordingly, the demurrer as pertaining to this particular portion of the premises was good in any event, independently of the ruling hereinafter made. See, in this connection, *LaPierre* v. *Martin,* 145 *Ga.* 851 (89 S. E. 1074).

3. As to the demurrer attacking the petition on the ground that the action was barred, it is the rule that where waste has been committed, the person entitled to the remainder estate has the right to elect either to

sue in tort for damages, in which case the action must be brought within four years after the accrual of the cause of action (*Lazenby* v. *Ware*, 178 *Ga.* 463, 173 S. E. 86.), or to maintain an action to forfeit the life estate (*Roby* v. *Newton*, 121 *Ga.* 679 (2), 685, 49 S. E. 694, 68 L. R. A. 601), and under this latter election the suit does not sound in tort, but partakes of the nature of an action for title to land. *Brown* v. *Martin*, 137 *Ga.* 338 (73 S. E. 495, 39 L. R. A. (N. S.) 16). Since the adoption of the Code on January 1, 1863, there has been no statute of limitations in this State in respect to actions to recover realty, the Code substituting title by prescription for the statute of limitations. *Johnston* v. *Neal*, 67 *Ga.* 528. Nor does the last sentence of the Code, § 85-604, "For the want of such care and the wilful commission of such acts, he shall forfeit his interest to the remainderman, if he shall elect to claim immediate possession," operate to set up a specific period of limitation amounting to immediate action, since the language just quoted has manifest reference to the right of remaindermen to claim immediate possession rather than await the expiration of the antecedent estate. Since the life tenant holds under a written muniment of title, even though it might have become subject to forfeiture on account of acts of waste, continued possession thereafter under such title for seven years would as a general rule cure any such defect in the life tenant's title, and in that sense would constitute what would be in effect the period of limitation. This rule seems to have been recognized in *King* v. *Leeves*, 36 *Ga.* 199. Accordingly, while a special demurrer to the petition, setting up a bar to the action as contravening the period of limitations, would be good as to any alleged acts of waste in cutting and disposing of timber which were committed more than seven years before the commencement of the action, yet since the allegations merely allege the commission of the acts of waste over a period of nine years, without indicating what timber was cut during any particular year—except in one case which was over seven years—and therefore what acts were committed during the preceding seven years, the special demurrer was good and should have been sustained. As to the alleged acts of omission, the demurrer as to limitation is immaterial, since the case is governed in that respect by the ruling made in paragraph six of the syllabus.

(*a*) As to the demurrer to the petition, setting up laches, the plaintiffs by their petition were not seeking to establish any equitable relief; but the action being at law for the recovery of land under the statutory rules governing forfeitures, the case was not one for the interposition of equitable relief by the bar of laches. *Fox* v. *Lofton*, 185 *Ga.* 456 (195 S. E. 573); *Redding* v. *Anderson*, 144 *Ga.* 100 (4) (86 S. E. 241).

4. While it is true that the cutting of timber and clearing of land do not always constitute waste, but such a question is generally for the jury (*Woodward* v. *Gates*, 38 *Ga.* 205 (5)), the rule being that in order to constitute waste it must appear that such acts amount to a wilful injury to the freehold, and do not come within the ordinary and legitimate use of the premises by the one holding the antecedent estate; such general rule does not have decisive application here, since it affir-

matively appears by the petition that the life tenant has a right to encroach on the corpus of the estate, if necessary for her support and comfort. Accordingly, in a petition praying for a forfeiture of such life estate, based in part on allegations of acts of voluntary waste consisting of cutting and selling timber, it would, in any event, be incumbent on the plaintiff, to show, not only that such encroachment has been made on the corpus of the estate, but also that it was not "necessary to make her (the life tenant) comfortable."

(a) While it is the general rule that a petition need not by anticipation negative possible defenses on the part of the defendant (*James* v. *Maddox*, 153 *Ga.* 208 (3), 111 S. E. 731), and while it has been held that "The rule in criminal cases that, where an offense is created by statute, and there is an exception in the enacting clause, . . it is for the indictment to charge and the proof to show that the defendant does not come within the exception, is not applicable to civil proceedings" (*Dobbs* v. *Justices of Inferior Court of Murray County*, 17 *Ga.* 624 (8) ), it is also true that where a petition anticipates a defense, it must be effectually avoided (*James* v. *Maddox*, supra), and that a petition must set forth a complete cause of action showing a right of recovery (*International Harvester Co.* v. *Morgan*, 19 *Ga. App.* 716, 721, 92 S. E. 35; *Metropolitan Life Insurance Co.* v. *Hale*, 47 *Ga. App.* 674 (2), 171 S. E. 306), and since every will is as it were and in effect a law unto itself, and since under the will here involved the provisions and penalty of the statute relative to forfeiture for waste are modified as far as this part of the bequest is concerned, in that the interest given to the widow is something more than a mere naked life estate, and includes the right to encroach upon the fee in order to provide for her support and comfort, it does not set up a mere exception to the general law governing forfeitures, but gives an added right to the defendant, and an added interest to her estate, which the plaintiffs, before they can call her to account, must show has been violated as against their rights and interest. Therefore it was incumbent upon the plaintiffs, seeking a forfeiture of such an estate, to deal with the situation as it actually exists, and to show, not only that the right to a forfeiture might exist in some other case and under some other circumstances, but that it existed in this case, and under the provisions of this particular bequest. In default of this being done, the petition stands open to general demurrer.

5. The allegations of the petition as amended, setting up the alleged acts of omission as constituting waste, which have been set forth in the statement of facts, could not, just as was said by all the Justices in the similar case of *Roby* v. *Newton*, 121 *Ga.* 679, 683 (supra), reasonably be taken as indicating a wanton disregard of the rights of the next taker such as would authorize a forfeiture of the life-tenant's estate.

6. As to the cross-bill, the partition prayed is held to be premature, since the life tenant is in possession of the entire estate for the remainder of her life, and the remaindermen are not entitled to either actual or constructive possession pending determination of the life estate. This does not contravene the rule that land may be partitioned among the

life tenants for the purpose of allowing each to have, use, and enjoy his or her part during the term of such life interest (*Watkins* v. *Gilmore*, 130 *Ga.* 797, 62 S. E. 32), since in such a case each of the tenants has a present interest and right of possession in the premises. No ruling or intimation is made as to whether under the facts of ownership here involved the partition would be in order had the prayer therefor showed some special and urgent reason why it was improvident for the property to be longer held, and hence that a need existed for its sale under proper safeguards for the different parties at interest. This is true for the reason that the prayer for partition set up no such facts.

*Judgment reversed on both the main and cross-bill of exceptions. All the Justices concur.*

Nos. 15343, 15344. January 11, 1946. Rehearing denied February 21, 1946.

418

*C. W. Buchanan* and *Matthews, Owens & Maddox,* for Wright.
*Rosser & Rosser* and *James Maddox,* for Conner. et al.