## CONNER *et al. v.* WRIGHT.

No. 15652.   JANUARY 8, 1947.

*J. Ralph Rosser* and *James Maddox,* for plaintiffs.

*Matthews, Owens & Maddox,* and *C. W. Buchanan,* for defendants.

HEAD, Justice. (After stating the foregoing facts.) Assuming, but not deciding, that the amendments may have been sufficient to meet the rulings of this court as to divisions 2 and 4 of the opinion in *Wright* v. *Conner,* 200 *Ga.* 413, the petition was fatally defective under the rulings made in division 3.   The amendment did

754

not purport to enlarge upon the alleged acts of omission as set forth in the original petition, and which were held, in division 5 of the opinion in *Wright* v. *Conner,* supra, to be insufficient to authorize a forfeiture of the life-tenant's estate. The petition as finally amended must proceed, if at all, on waste alleged, the cutting of timber. In division 3 of the court's previous rulings, it was held that the demurrer, setting up a bar to the action as contravening the period of limitations as to the alleged acts of waste, was good and should have been sustained. This ruling became the law of the case.. *Sanderlin* v. *Sanderlin, 27 Ga.* 334; *Allen* v. *Schweigert,* 113 *Ga.* 69 (38 S. E. 397) ; *W. & A. R. Co.* v. *Third Nat. Bank of Atlanta,* 125 *Ga.* 489 (54 S. E. 621); *Rivers* v. *Brown,* 200 *Ga.* 49 (36 S. E. 2d, 429). It follows that the trial court properly sustained the demurrers to the petition as amended.

*Judgment affirmed. All the Justices concur.*