32766. CONNER *et al v.* BOWDOIN, executrix.

DECIDED JANUARY 6, 1950. REHEARING DENIED FEBRUARY 2, 1950.

*Rosser & McClure, Maddox & Maddox,* for plaintiffs.

*Matthews, Owens & Maddox,* for defendant.

FELTON, J. It is first necessary to ascertain the import of the decision and judgment of the Supreme Court, and of the judgment of the trial court in their judgments that the petition in the cause, the judgment in which is pleaded in bar to the present action, as finally amended, was subject to demurrer and dismissal. Insofar as the subjects involved in the present action are concerned, the first action was held to be subject to demurrer for three reasons. *Wright* v. *Conner,* 200 *Ga.* 413 (37 S. E. 2d, 353). Before the remittitur in the case above was made the judgment of the trial court the plaintiffs amended the petition and perfected it in every particular as to the acts of waste involved in the instant case, except that the amendment did not correct the defect held to exist in the petition as originally filed as to the allegations as to when the timber was cut and how much in each year. Upon the filing of the amendments the trial court sustained the demurrers and dismissed the action. As to the waste alleged in the instant case, the original petition was held in the first appeal to be good as against a general demurrer with the exception that it was held that the petition should have alleged that encroachment on the corpus was not necessary for the comfort of the life tenant. So when the petition was amended to include the allegation next above, it was no longer subject to general demurrer. The original petition was, however, held to be subject to special demurrer because it could not be ascertained, except in one instance, what amount of timber was cut from each tract in each year. Whether the Supreme Court was right or wrong in going to this extent in ruling that the petition was subject to the special demurrer that, "under the allega-

tions as to the cutting of timber from the various tracts of land, it affirmatively appears that any right of action which plaintiffs might have had by reason of said allegations are barred by the statute of limitations, and/or laches on the part of the plaintiffs . . for the reason that any rights are barred . . ," since the petition did not show that all such cutting was barred, the court so held in the first appeal and in the second appeal ruled that such ruling was the law of the case. *Conner* v. *Wright,* 201 *Ga.* 753 (41 S. E. 2d, 158). Accordingly, it will readily be seen from the two above opinions by the Supreme Court in the two appeals of the case mentioned that the only defect in the petition in the original case as finally amended, insofar as waste by cutting timber was concerned, was that which could only be reached by special demurrer, to wit, that it did not show the dates on which timber was cut from the various tracts; in other words, the petition did not reveal whether the acts of waste were or were not barred by the statute of limitations. Hence, the petition in the first case was dismissed on special demurrer so far as the ground of cutting timber was involved, and not on the merits of the case.

1. The present remedies for waste are damages or action to declare a forfeiture. *Parker* v. *Chambliss,* 12 *Ga.* 235; *Woodward* v. *Gates,* 38 *Ga.* 205; Code § 85-604; *Wright* v. *Conner,* supra. We do not agree with counsel that the question to be decided is whether the plaintiffs are estopped to bring the present action because they elected an inconsistent remedy by filing the first action. We do not think that two remedies provided for one set of facts are inconsistent, whatever the remedies are. The test is not whether the remedies themselves are inconsistent, but whether a certain state of facts relied on as a basis of a certain remedy is inconsistent with another and different state of facts relied on as the basis of another remedy. *Peterson* v. *Lott,* 200 *Ga.* 390 (37 S. E. 2d, 358). Two or more actions based on identical facts are not inconsistent even if the remedies are inconsistent and each exclusive.

2. The only other question in this case is whether the adjudication against the remaindermen on the one point, that the petition did not show on its face whether all of the timber cutting or part of it was barred by the statute, precludes the instant action.

"It is not essential to the plaintiff's cause of action that it appear affirmatively from the petition that it is not barred by the statute of limitations." *Felton* v. *State Highway Board,* 47 *Ga. App.* 615 (171 S. E. 198) ; *Stringer* v. *Stringer,* 93 *Ga.* 320 (2) (20 S. E. 242) ; *Chatham Finance Co.* v. *Eitel,* 66 *Ga. App.* 643 (19 S. E. 2d, 54) ; *Lee* v. *Holman,* 184 *Ga.* 694 (193 S. E. 68) ; *Sammons* v. *Nabers,* 186 *Ga.* 161 (197 S. E. 284) ; *Consolidated Distributors Inc.* v. *Atlanta,* 193 *Ga.* 853 (20 S. E. 2d, 421). We have held that there was no election between inconsistent remedies, and it follows that the mere filing of the first suit did not bar the second. Code § 110-503 provides: "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated." The dismissal of a petition on special demurrer not extending to the existence of the alleged cause of action is not a bar to a second suit based on the same cause of action. *Kennedy* v. *Ayers,* 166 *Ga.* 206 (142 S. E. 859). Under the authorities cited, the first suit was not dismissed on its merits, the second suit was on the same cause of action as the first, and the judgment in the first action did not bar the present action.

What is said above applies if the timber cutting referred to in the first case includes that in the second. If the cutting involved in the instant suit was not involved in the first, and includes only timber cut after the first action was filed, then of course the result would be the same because the instant action would not be barred, because the cause of action would not have arisen until after the first was filed.

The court erred in overruling the demurrer to the plea in bar and in dismissing the action.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*

ON MOTION FOR REHEARING.

Defendant in error contends that under the fifth headnote of the opinion in *Wright* v. *Conner,* 200 *Ga.* 413, the court held that the petition in that case was subject to general demurrer. We have not overlooked or misconstrued that headnote. It refers to acts of omission only and did not refer to positive acts of waste,

such as timber cutting. The petition was perfected insofar as positive acts of waste were involved, and when this was done and when the other corrections were made, the petition was no longer subject to general demurrer.

*Rehearing denied.*