33781.   CONNER *et al. v.* BOWDOIN, executrix.

DECIDED JANUARY 17, 1952.

*Maddox & Maddox,* for plaintiffs.

*Brinson & Davis, Matthews, Owens & Maddox,* for defendants.

GARDNER, J. The plaintiffs and each of them held remainder interests in the life estate being enjoyed by the defendant until her death and on which it is claimed she committed waste and failed to protect by illegally cutting the timber from certain portions thereof. The plaintiffs alleged that the defendant cut timber valued at $2775 from lots 280, 281, and 297. There was no proof to this effect. Where a plaintiff fails to prove the case as laid in the petition, the grant of a nonsuit is not error. *Harris* v. *Paulk,* 10 *Ga. App.* 334 (73 S. E. 430) ; *Byas* v. *Hammond,* 32 *Ga. App.* 18 (122 S. E. 708). The plaintiff must recover, if at all, upon the case laid in the petition. *Napier* v. *Strong,* 19 *Ga. App.* 401 (91 S. E. 579). See also Code § 110-310 as to nonsuits. An immaterial variance between the allegations and proof does not authorize a nonsuit. See Code § 81-116. However, the variance here was not of that nature.

Furthermore, there was no evidence as to the actual value of

the lands before the timber was cut and as to the value thereof immediately after the timber was cut, showing a decrease in the value thereof caused by the cutting and removing of the timber by the life tenant, the original defendant. It was alleged that the land had been decreased in the sum of $2775 by the cutting and removing of this timber, and that the value of the land was decreased in the amount of the value of the timber wrongfully taken therefrom, and there was evidence to the effect that this land was not fit for any other purpose except the growing of timber and that its value had been decreased in the value of the timber so cut and removed. If a plaintiff proves the case laid in the petition, a nonsuit is not proper. The plaintiffs did not prove the reasonable market value of the timber which they claimed and alleged that the defendant had taken from the life estate property.

A witness for the plaintiffs testified that he cut timber from what he called the Johnson place and from lots 282 and 279. The witness, Dawson, testified that he thought he cut some timber on the Johnson place. There was no evidence that the timber cut and sold by the life tenant was on the lands referred to, lots 280, 281 and 297. In these circumstances, the plaintiffs did not prove the case as laid in the petition, and the nonsuit was not erroneously granted.

This is not the first appearance of this litigation before the appellate courts. In 1944, the plaintiffs brought suit against the deceased Mrs. Wright, and to the judgment overruling her general demurrer she excepted, and took the case to the Supreme Court, where the judgment was reversed. *Wright* v. *Conner*, 200 *Ga.* 413 (37 S. E. 2d, 353). Before the remittitur reached and was made the judgment of the trial court, the plaintiffs filed an amendment to their petition. The defendant renewed her general demurrer to the petition as amended, and the trial court sustained the same and dismissed the case. The case again went to the Supreme Court, where it was affirmed. *Conner* v. *Wright*, 201 *Ga.* 753 (41 S. E. 2d, 158). Thereafter, the plain-- tiffs filed another suit against Mrs. Wright, the same being a suit for damages for the cutting of this timber. A plea in bar was filed and this was demurred to. The defendant, Mrs. Wright, died and her executrix was made party defendant. The

234

trial court overruled the demurrer to the plea in bar and judgment was rendered against the plaintiffs. This judgment was excepted to and the Court of Appeals reversed the lower court. *Conner* v. *Bowdoin,* 80 *Ga. App.* 807 (57 S. E. 2d, 344). In the case at bar the evidence failed to support the case made in the plaintiffs' petition, and it appearing that the plaintiffs failed to prove the value of the land before the timber was cut and its value immediately thereafter, and it not appearing that there was any timber cut from lots 280, 281 and 297, the trial court did not err in granting the nonsuit.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*