## 40357. WILLIAMS v. METROPOLITAN HOME IMPROVEMENT COMPANY.

JORDAN, Judge. Metropolitan Home Improvement Company filed suit against George Williams in the Civil Court of Fulton County. The petition alleged that the defendant was indebted to the plaintiff in the sum of $4,312.80 on a promissory note, dated September 26, 1962, which was past due and unpaid; that said note provided for the payment of attorney's fees in the amount of 15 percent of the principal sum, if said note was collected by law; and that on January 22, 1963, the defendant was notified in writing that suit would be instituted in which recovery of said attorney's fees would be sought if payment of the principal amount was not made within ten days of the receipt of such notice. Copies of the note and notice were attached to the petition as exhibits. The petition prayed for judgment in the amount of $4,312.80 principal, $686.80 attorney's fees and costs of court. The defendant in his answer admitted execution of the note and receipt of said notice and filed a plea of partial failure of consideration which was later amended. The trial court after a hearing without the intervention of a jury entered judgment for the plaintiff in the amount of $2,849.05 principal and $436.05 attorney's fees. The defendant excepted to this judgment and to the order of the trial court denying his amended motion for new trial. *Held:*

The defendant having admitted a prima facie case for recovery in the plaintiff, including the allowance of attorney's fees as provided in the note sued upon, *Bennett v. Bennett*, 50 Ga. App. 34 (2) (177 SE 90), and the trial court having granted to the defendant all the relief prayed for in his plea of partial failure of consideration, the judgment entered for the plaintiff was demanded under the record in this case and the trial court did not err in denying the amended motion for new trial.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED OCTOBER 4, 1963.

*J. L. Jordan,* for plaintiff in error.
*Claude Hambrick,* contra.