66665. VEALE et al. v. VANDIVER et al.

McMURRAY, Presiding Judge.

This case began in the probate court with the filing of applications by the two co-executors of one estate and the administrator of another for leave to sell a tract of land in which a widow was devised a life estate with remainder to the other heirs. The purpose of the applications was for the division of the estate. The administrator represented the estate of one of the deceased heirs vested with a one-seventh interest in the remainder after the life estate to the widow.

Five of the heirs filed caveats to each application contending there was no necessity for the sale of the land and that it was encumbered by the life estate contending the sale would be unlawful and to the hurt and detriment of the heirs at law. They also sought a complete accounting as to both estates.

The two applications were consolidated and thereafter the same was amended to aver a necessity for sale of the real property due to the debts owed on said estate in the form of estate and county ad valorem taxes. The widow also joined in the application for leave to sell and in the event the court should order said sale, she agreed to convey her interest in order to pay the debts of the estate.

As to both estates, an application was filed for determination of the heirs and the quantity of their distribution. The court determined the number of heirs and the number of shares to which each was entitled. However, we are not here involved with this ruling by the probate court.

The caveators then filed an amendment to the caveat seeking to declare the life estate in the widow to be forfeited, the acts of the executors of the will be rejected and they be removed as executors, the probate of the will be vacated and set aside and declared of no force and effect, and that the two duly appointed executors, the

widow and the administrator of the separate estate be required to fully account to all of the heirs.

After a hearing the probate court ordered an accounting as to both estates and also required the holder of the life estate to also make an accounting with reference to the personal property and the use of the estate and its present status. In a later order, the court also sustained the caveat by declaring the life estate to be forfeited; removed the co-executors and vacated their letters testamentary; removed the administrator and vacated his letters of administration as to the separate estate; but it denied the prayer of the caveators seeking to vacate and set aside the probate of the will. Having declared the estate as being unrepresented, the court appointed counsel for the opposing parties in this litigation as co-administrators of said estates, who by agreement would serve without compensation. Their duties and responsibilities would be the sale and subsequent distribution of the estates, the land together with personalty belonging to the estates to be sold under their supervision and the proceeds to pay all expenses, commissions and fees, survey expenses, transfer taxes, auction fees and other sale expenses, federal estate taxes, ad valorem taxes, payment of probate court costs, including the transcribing of the hearings, and payment of attorney fees. Efforts were then made to reach a settlement by and between the parties which appears to have been unsuccessful. Thereupon, the co-executors, the administrator, the widow and a number of the heirs, having employed other counsel, appealed to the superior court.

In the superior court the appellants (from probate court) moved for summary judgment contending the probate court was without jurisdiction of the subject matter to forfeit the life estate, to remove the executors and the administrator or to vacate the letters testamentary and letters of administration; and to declare the probate court's order null and void. The appellees (originally the caveators) likewise moved for summary judgment for the order of the court of probate to be sustained contending it should be sustained "because of an alleged agreement entered into by both attorneys and parties which became the basis" of the probate court's order. After a hearing, the superior court concluded, as a matter of law, that the issue of necessity to sell the land, and the removal of the executors/administrator be decided at trial. Both motions for summary judgment were denied as to the vacating of the letters testamentary, the accounting of the administrator of the estate, the appointment of new administrators, the distribution of proceeds from the estate, and the requiring of a forfeiture of the life estate. However, summary judgment for appellants as to the sale of personal property of the estate was granted. The order was later modified to

hold that the probate court lacked jurisdiction to forfeit the life estate.

The appellants (in superior court) then moved for the dismissal of the caveators' effort to vacate and set aside the probate of the will which allegedly was probated in solemn form, the same being conclusive upon all persons properly served and a petition to sell real estate was not a proper proceeding to set aside a probate of the will and all parties to the probate proceeding had been parties to that proceeding and failed to bring the caveat within three years of the judgment of probate.

A pretrial order then issued. The superior court also made findings of fact and conclusions of law on the order to dismiss the caveat seeking to vacate and set aside the probate of the will, concluding that the caveat to the application to sell real estate was not a proper proceeding to set aside the probate of the will as the appellees were parties to the probate of said will and the three-year statute of limitation prevented the setting aside of the probate; and granted appellants' motion to dismiss this prayer of the caveat.

The case proceeded to trial. A motion in limine was filed seeking to exclude "any and all testimony or evidence [concerning] the alleged existence of three separate wills of [the decedent], and any alleged fraud in probating the will of [the decedent]." This motion was sustained as to the existence of multiple wills. Special verdicts were prepared for presentation to the jury as to whether the application to sell should be granted, whether the executors and the administrator should or should not be removed and whether or not issues involved in the lawsuit were settled by the attorneys in such manner as to bind all parties.

The jury returned its verdict that the application to sell should be granted, the executors should be removed, the administrator should be removed, and also found that the issues in the lawsuit were not settled by the attorneys in such a manner as to bind the parties. The judgment followed the special verdicts, and the petition for leave to sell the land was granted, the executors and the administrator were removed, their letters testamentary and letters of administration were vacated, and, the court ordered that new administrators be appointed by the probate court as provided by law. The judgment set forth that the case was not previously settled by the parties or attorneys and any such purported settlements or agreements had no force and effect. The caveators/appellees' motion for new trial in the superior court, as later amended, was filed, heard and denied, and they appeal. *Held:*

1. By order of the Supreme Court of Georgia holding that this case does not involve "construction of a will nor title to land," this

appeal has been transferred to this court. We proceed to a review of the various enumerations of error.

2. In arguing the general grounds and other portions of the amended motion for new trial, the appellants in the case sub judice (original caveators in the probate court and appellees in the superior court) contend that an accounting was ordered but no accounting was had and the estate has been dissipated. The caveators sought the dismissal of the executors and the administrator which the probate court granted, as well as the superior court in the trial de novo. Appellants, as caveators, also sought an accounting which was granted by the probate court. We note, however, that the appeal to the superior court did not consider the accounting granted by the probate court. Whether or not an accounting can now be had in the probate court after the dismissal of the executors and the administrator, we do not decide. Suffice to say the evidence authorized the verdict. *Lanier v. Tullis,* 73 Ga. 142; *Thompson v. Warren,* 118 Ga. 644 (45 SE 912). As the appellants sought the removal of the executors and the administrator we cannot review their removal as same was in their favor. We find *Powell v. Thorsen,* 248 Ga. 697 (285 SE2d 699), cited in support of the motion to grant a new trial, inapposite and in no way binding or controlling here. These appellants did not appeal the order of probate but sought to uphold it. The evidence supports the leave to sell order for the purpose of payment of debts and distribution. See OCGA § 53-8-34 (formerly Code Ann. § 113-1702, as amended (Ga. L. 1943, pp. 236, 238; 1958, pp. 657, 670; 1974, pp. 1135, 1136)). The enumeration of error as to the denial of their motion for new trial is not meritorious.

The trial court ruled, as a matter of law, that the probate of the will could not be set aside, and there is no enumeration of error to this ruling. Therefore, no error was committed in excluding evidence as to the alleged existence of multiple wills in the sustaining of the motion in limine. The evidence offered at trial was relevant and material to the issues before the court at trial. See *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (2), 875, 876 (52 SE2d 485).

3. In modifying the order granting and denying the summary judgment motion, the superior court excluded the issue of forfeiture of the life estate. There is considerable doubt as to whether the probate court as a court of law under OCGA § 44-6-83 (formerly Code § 85-604) may, as a matter of law, find the tenant for life has for the "want of . . . care or the willful commission [permissive, voluntary and wanton waste in the failure to preserve and protect the estate as a prudent person] of such acts" forfeited the life estate, that is, if the remaindermen shall elect "to claim immediate possession." This question is concerned with whether or not a life estate involves title or

a mere interest with all title vested in the remaindermen. All the reported cases we have examined seemingly result from equitable actions or complaints involving land to preserve and protect the remainder interest or title. It also depends upon an interpretation of the jurisdiction of the probate courts set forth in OCGA § 15-9-30 (formerly Code Ann. § 24-1901, as amended Ga. L. 1969, pp. 505, 541; 1982, p. 1369). See *Conner v. Bowdoin,* 80 Ga. App. 807 (57 SE2d 344); *Brogdon v. McMillan,* 116 Ga. App. 34 (156 SE2d 828); *Wright v. Conner,* 200 Ga. 413, 414-415 (4) (37 SE2d 353); *Roby v. Newton,* 121 Ga. 679 (1) (2) (49 SE 694). Compare *Webb v. Jones,* 221 Ga. 754 (1) (146 SE2d 910), and cases cited therein; notwithstanding *Trusco Finance Co. v. Crowley,* 86 Ga. App. 268, 270 (71 SE2d 294), and *Griffin v. Securities Inv. Co.,* 181 Ga. 455 (182 SE 594). An issue of title was not here involved such as in *Dix v. Dix,* 132 Ga. 630 (64 SE 790), cited by the superior court.

Nevertheless, we are not concerned with the above ruling here as error. Error is enumerated to the restriction of evidence of the conduct of the holder of the life estate, and the forfeiture of the life estate was no longer before the court due to the ruling made prior to trial excluding same as a matter of law. The evidence disallowed was not relative to the question of waste, and this enumeration of error is not meritorious. Further, no disagreement was expressed as to the special verdicts presented to the jury for determination. See in this connection *Harley-Davidson Motor Co. v. Daniel,* 149 Ga. App. 120, 122 (2, 3) (253 SE2d 783). Counsel failed to object to the charge or to the special verdicts to be returned by the jury. There is no merit in the complaint that the court was in error in charging the jury as to the life estate. Hence, no error was committed in failing to submit to the jury the issue of forfeiture of the life estate.

4. A trial court has a wide latitude in the control of a case. Hence, even though an opposing party has a right to a thorough and sifting cross-examination of a witness we find no error here when the court restricted the scope of questioning by advising counsel he had on several occasions (five times) asked the witness a certain question. The question was repetitive, and no abuse of discretion has been shown. See *Duckworth v. State,* 246 Ga. 631, 635 (5) (272 SE2d 332). There is no merit in this complaint.

5. The court allowed the sale of the property to pay debts and distribution, yet removed the executors and administrator and vacated their letters of appointment, providing therein that the probate court shall appoint new administrators. This judgment is in no wise inconsistent. There is no merit in the complaint that the judgment was inconsistent as the caveators requested removal of the executors and administrators and to vacate their letters of

appointment which was granted, and there was evidence to support the order as to the sale of the property to pay debts and for distribution.

6. The probate court issued its final order in the matter. It is true that at that point in time both opposing counsel appear to have been in agreement with the order issued by the probate court, but this order was not issued as one of settlement. After that order was signed and entered of record other efforts were made to settle the matter. The order of the probate court was never withdrawn in favor of any agreed upon settlement, and the appeal to the superior court was from that judgment. We find no error in the superior court's submission to the jury of the special verdict and the judgment of the court thereon, finding that there was no settlement by the parties and their counsel so as to bind them with reference to the matter before the probate court.

7. Having considered each and every one of the enumerations of error above and finding no reversible error, the judgment must be affirmed.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*G. Hughel Harrison,* for appellants.
*Joab O. Mangum III,* for appellees.

