## GRIMM *v.* GRIMM *et al.*

1. Permissive and voluntary waste, which latter must be wilful, on the part of a life-tenant, is, under the Civil Code, § 3666, sufficient to cause a forfeiture of the life-estate to the remainderman. And where a petition sets out both classes of waste as having been committed, and prays for forfeiture and immediate possession in the remainderman, such petition is sufficient to withstand a general demurrer.
2. The court did not err in overruling the general demurrer.

No. 2995. JUNE 16, 1922.

Equitable petition. Before Judge Meldrim. Chatham superior court. November 19, 1921.

*McIntire, Walsh & Bernstein,* for plaintiff in error.

*Shelby Myrick,* contra.

HILL, J. Miss Emma Grimm, Miss Frederica Grimm, and Mrs. Meta R. Bulcken, brought suit against Mrs. Anna Theresa Grimm, praying to have the life-estate of Mrs. Grimm declared forfeited, and that the plaintiffs recover certain described property, together with the title, possession, and right of possession, vested in them, free of conditions, together with the rental value of the described property since the filing of the suit. The petition showed in substance the following: Mrs. Grimm is the widow of John H. Grimm, who died December 15, 1915, leaving plaintiffs by will the owners in fee of the property in controversy. On August 19, 1916, Mrs. Grimm filed a petition in Chatham superior court, for dower out of the property and estate of John H. Grimm, deceased; and the property in controversy consisting of certain houses and lot in the city of Savannah was set aside to her as a dower, and she went into possession of the property on August 19, 1916, and has been in possession since that date, enjoying the rents and profits therefrom as life-tenant. It is alleged that defendant has been in possession and enjoying the full use of the property, has failed and refused to make any repairs to the houses situated on the lots, and has failed to exercise ordinary care of a prudent person for its preservation and protection, in that she has allowed the roofs on each and every house to become full of holes and thereby expose the body of each and every house to rain. The consequence of such exposure for the last four years has caused each and every house on said lots to get in a rotten and dilapidated condition, "and the houses at this time are scarcely fit for habitation. Such

wilful and continued neglect of the life-tenant of the care of the property tends to the permanent injury of plaintiffs, who are the remaindermen in fee. It is the duty of Mrs. Grimm, the life-tenant, to exercise the ordinary care of a prudent person for the preservation of the improvements on the property. In addition to the condition of the roofs of the houses the life-tenant has placed no repairs whatsoever on any other portion of the houses, and the same are rotten and about to fall to pieces. The only income that could be derived from the property is the rental of the houses by colored tenants; and if Mrs. Grimm is allowed to remain in the use and enjoyment of the property any longer, the plaintiffs will be permanently injured, in that when the property reverts to them upon the death of Mrs. Grimm the improvements thereon will be practically worthless. By reason of the failure of Mrs. Grimm to exercise the ordinary care of a prudent person for the preservation and protection of the property in which she has the life-estate, plaintiffs as remaindermen claim immediate possession and a forfeiture of the life-tenant's interest in the property to them as remaindermen; and they bring this suit against Mrs. Grimm for the purpose of having her life-estate forfeited to plaintiffs by the judgment and decree of the court. It is further alleged that the life-tenant has failed and neglected to prevent the acts of waste to the property herein set out, and has been guilty of such acts as to forfeit her interest in the property and to cause the life-estate to vest absolutely in fee simple in plaintiffs; and they elect to claim immediate possession. The defendant filed a demurrer to the petition, on the grounds: first, that the petition sets forth no cause of action against the defendant; second, that no facts are alleged in the petition which would entitle the plaintiffs to have the life-estate of the defendant declared to be forfeited. The court below overruled the demurrer, and the defendant excepted.

The Civil Code of 1910, § 3666, provides that " The tenant for life is entitled to the full use and enjoyment of the property, so that in such use he exercises the ordinary care of a prudent man for its preservation and protection, and commits no acts tending to the permanent injury of the person entitled in remainder or reversion. For the want of such care, and the wilful commission of such acts, he forfeits his interest to the remainderman, if he

elects to claim immediate possession." The present suit is brought under the above section of the code to forfeit the interest of the life-tenant to the remaindermen, who claim immediate possession. What class or classes of acts on the part of the life-tenant will work a forfeiture of his estate under the above section of the code, seems not to have been definitely determined in this State by a full decision.

In *Roby* v. *Newton*, 121 *Ga.* 679 (49 S. E. 694, 68 L. R. A. 601), a majority of this court held: "Under the Civil Code [1895], § 3090, a remainderman is not entitled to claim immediate possession as a result of a forfeiture of the interest of the tenant for life, unless it appears that there has been both permissive and voluntary waste by the tenant, or one for whose conduct he is responsible; and it must also appear that the voluntary waste was committed wantonly and in a manner evidencing an utter disregard of the rights of the next taker." The above headnote was concurred in by a majority of the court as then constituted. Fish, P. J., and Lamar, J., dissented from the ruling made in that headnote. Mr. Justice Cobb delivered an elaborate opinion for the majority of the court, and among other things said: "While the section of the code does not use the terms 'permissive waste' or 'voluntary waste' or the term 'waste' at all, still an analysis of that section will indicate that its author had in mind the distinction between the two classes of waste. It imposes upon the life-tenant the duty of exercising the ordinary care of a prudent man for the preservation and protection of the estate, and the failure to do this is permissive waste; and it also prohibits the commission of any act tending to the permanent injury of the person entitled in remainder or reversion, and the commission of such acts is voluntary waste. A libility for both permissive and voluntary waste is therefore imposed upon the tenant for life; and all such tenants are liable to the reversioner or remainderman for actual damages resulting from waste of either character." The minority view was presented by Mr. Justice Lamar, who concurred specially, in which Presiding Justice, now Chief Justice, Fish concurred. In the special concurrence Justice Lamar said, among other things: "While I concur in the judgment and in the ruling as to the effect of the evidence, I am unable to agree to the proposition announced in the first headnote that there must

42

be a concurrence of permissive and voluntary waste before a forfeiture can result. The practical effect of that construction will be that in hardly any instance could a forfeiture result, no matter how great the waste or how serious the consequences to the remainderman. For rare indeed will be the case where the damage results from the operation both of action and inaction at the same time. Taking, for example, the case of a city lot with a house thereon, I understand the ruling to involve the proposition that if the life-tenant should permit the building to rot to the ground, no forfeiture could be declared, because, while the waste was permissive, it was not at the same time voluntary." Much more was said in both the majority and the minority opinions with reference to the subject of waste working a forfeiture of the life-estate and how it could be brought about. And see also, on the general subject, *Brown* v. *Martin,* 137 *Ga.* 338, 340 (73 S. E. 495, 39 L. R. A. (N. S.) 16).

We are asked to review and overrule the *Roby* case; but inasmuch as that is not a full-bench decision, it is unnecessary to do so. Besides, in the view we take of the present case, the petition alleges both permissive and voluntary waste; and under the view of all the Justices in the *Roby* case, where the evidence shows both a permissive and voluntary waste, a verdict in favor of forfeiture is authorized. It is true that the case at bar is here on petition and demurrer, and it is argued by the plaintiff in error that only acts of permissive waste are alleged; but by reference to the petition itself, the substance of which is set out in the foregoing statement of facts, it will be seen that in addition to the alleged acts of permissive waste it is also alleged that " such wilful and continued neglect of the said life-tenant of the care of said property tends to the permanent injury of petitioners, who are the remaindermen in fee." We construe that language to be an allegation of wilful voluntary waste. If it be said that such conduct is merely permissive, the reply is that where a life-tenant who by the exercise of ordinary care could keep the premises from falling into decay, and who has the ability to do so both from the rents and profits of the estate and otherwise, from some motive unfriendly to the remainderman wilfully refuses to keep the premises in reasonable repair, such act we think is just as much voluntary and wilful waste as any affirmative act which would

tend to destroy the value of the improvements to the remainder-men. Of course, if the life-tenant from poverty or inability to keep the premises from falling into decay, allowed them to get in such condition, such conduct would be merely permissive, and would not be voluntary, as stated in the illustration first above mentioned. It will be observed also that there is no prayer in the present case for recovery of damages to the property, and therefore that question need not be discussed or decided.

From what has been said above we think that the petition is sufficient to withstand a general demurrer, and that the court below did not err in overruling the same.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*