### 19019. GRAHAM *v.* BRYANT.

MOBLEY, Justice. 1. The exception being to an order refusing to grant an interlocutory injunction, there is no merit in the motion to dismiss on the ground that no exceptions were taken to the judgment dissolving the restraining order.

2. Under a proper construction, the deed here involved conveyed the land to the defendant for life, and gave the remainder interest to the petitioner. *Mitchell* v. *Spillers,* 203 *Ga.* 565 (2) (47 S. E. 2d 564).

3. "The tenant for life shall be entitled to the full use and enjoyment of the property if in such use he exercises the ordinary care of a prudent man for its preservation and protection, and commits no acts tending

to the permanent injury of the person entitled in remainder or reversion. For the want of such care and the wilful commission of such acts, he shall forfeit his interest to the remainderman, if he shall elect to claim immediate possession." Code § 85-604.

4. The above Code section has been construed to mean "that the tenant for life is entitled to the full use and enjoyment of the property, so that, in such use, he exercises the ordinary care of a prudent man for its preservation and protection, and commits no acts tending to the permanent injury of the person entitled in remainder or reversion. In determining what amounts to waste, regard must be had to the condition of the premises and the inquiry should be, did good husbandry, considered with reference to the custom of the country, require the felling of the trees, and were the acts such as a judicious, prudent owner of the inheritance would have committed." *Woodward* v. *Gates*, 38 *Ga.* 205, 213; *Roby* v. *Newton*, 121 *Ga.* 679 (49 S. E. 694, 68 L. R. A. 601); *Lee & Bradshaw* v. *Rogers*, 151 *Ga.* 838 (101 S. E. 371).

5. Applying the above principles, where, as here, in a suit for injunction to prevent waste, the defendant by her answer admitted that she was cutting and selling some poplar and gum timber, but insisted that it would not injure the realty, the trial court should not have refused to grant an interlocutory injunction, based solely upon a consideration of the sworn pleadings, without hearing evidence on the question of whether or not the cutting of timber in this instance constituted waste. Accordingly, the judgment of the trial court refusing to grant an interlocutory injunction is reversed with direction that evidence be heard on the question of waste.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED JULY 12, 1955—DECIDED OCTOBER 10, 1955.

*W. W. Larsen, Jr.*, for plaintiff in error.

*E. L. Stephens, Sr.*, contra.