## 20607. SUTTON *v.* BENNETT.

WYATT, Presiding Justice. Mrs. Marie Bennett Sutton filed suit against Julian T. Bennett, seeking an injunction to prohibit him from the further cutting of timber on described lands. Verdict and judgment were rendered in favor of the defendant, Julian T. Bennett. The exception here is to the judgment overruling a motion for judgment notwithstanding the verdict and a motion for new trial. *Held:*

The jury was authorized to find that Julian T. Bennett conveyed this land to his granddaughter, Marie Bennett Sutton, at a time when the land was woodland and not in cultivation, reserving to himself a life estate; that the only income the life tenant could derive from the property was from turpentining the pines and from properly thinning the pine timber and selling that cut for pulpwood. The defendant was engaged at the time the suit for injunction was brought in cutting and selling pine timber from the land in accordance with approved forestry practices. The controlling question in this case is whether or not the grantor in a deed to property, it being timberland, in which he has reserved to himself a life estate, is authorized to cut and sell from the timberland trees that are removed from the property in the process of making an improvement, cutting in accordance with approved forestry practices? "The tenant for life shall be entitled to the full use and enjoyment of the property if in

such use he exercises the ordinary care of a prudent man for its preservation and protection, and commits no acts tending to the permanent injury of the person entiled [sic] in remainder or reversion. For the want of such care and the wilful commission of such acts, he shall forfeit his interest to the remainderman, if he shall elect to claim immediate possession." Code § 85-604. Under the evidence adduced on the trial of this case, it was made abundantly to appear that, in order to properly "preserve and protect" this property, the planned cutting of the timber was necessary. We therefore conclude that this Code section alone is sufficient to authorize the verdict and judgment in this case. In *Lee & Bradshaw* v. *Rogers*, 151 *Ga.* 838 (108 S. E. 371), where a very full discussion of this Code section will be found, it was held that a life tenant, or for widowhood, was authorized to turpentine the timber. The evidence in the instant case disclosed that the use of pine trees for turpentining purposes was more harmful to the forest than a proper thinning program. See also *Graham* v. *Bryant*, 211 *Ga.* 856 (89 S. E. 2d 640, 51 A.L.R. 2d 1371). In the present case, the jury was authorized to find that the cutting for thinning purposes was not harmful to the land in any way, but, on the contrary, was calculated to and did make the property more valuable. It follows, of course, that there is no merit in the motion for a judgment notwithstanding the verdict, or in the general grounds of the motion for new trial.

2. The special grounds of the motion for new trial have all been examined and, in so far as they are not controlled by the above ruling, are found to be without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1959—DECIDED OCTOBER 9, 1959.

*Kopp & Peavy, J. Edwin Peavy,* for plaintiff in error.
*E. Kontz Bennett,* contra.

