## 20619. SMITH *v.* MINICH.

DUCKWORTH, Chief Justice. The petition of Virginia Folsom Minich, as remainderman, against E. Milner Smith, as life

tenant, describes the land involved and seeks forfeiture of the life estate on the grounds of waste and failure of the life tenant to protect the property in certain particulars. The allegations are in substance that the defendant has failed and refused to make necessary repairs, resulting in numerous instances of disrepair, decay, rot, and dilapidation; neglects to return and pay taxes, subjecting it to fi. fa. and to possible levy and sale; and has failed to insure the property as required by the will requiring the defendant to insure it for her protection. The exception is to the judgment overruling general and special demurrers to the petition. The will under which both parties claim is attached to the petition, and it devised to the defendant the property for life and at his death the remainder to the petitioner. It further provides that, if the petitioner predeceases the defendant, the remainder shall go to others. The demurrers contend that no cause of action is alleged and that the contingent remaindermen are necessary parties. *Held:*

The petition alleges sufficient waste and want of care as to authorize a forfeiture of the life estate and to give immediate possession to the remainderman. Code § 85-604; *Grimm* v. *Grimm*, 153 *Ga.* 655 (113 S. E. 91); *Townsend* v. *McIntosh*, 205 *Ga.* 643 (54 S. E. 2d 592). The remainder vested in the petitioner upon the death of the testator, subject to being divested in the event of her predeceasing the defendant. She alone is the proper person to prosecute this action. Code § 85-706; *Grant v. Grant*, 187 *Ga.* 807 (2 S. E. 2d 421); *Britt* v. *Fincher*, 202 *Ga.* 661 (44 S. E. 2d 372). It follows that the judgment overruling the demurrers is not erroneous.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1959—DECIDED OCTOBER 9, 1959.

*James R. Venable, Easley B. Burdine, Margaret Hopkins,* for plaintiff in error.

*Hudson & Hudson, John H. Hudson, Pauline E. Cousins,* contra.