## 21862.  McCLURE v. CHASTAIN.

MOBLEY, Justice.  The exception is to a judgment sustaining certain demurrers to the petition as amended, brought by W. L. McClure to enjoin defendant from interfering with his or his employees cutting timber on a certain described tract of land of 35 acres more or less, and for damages.  The parties agree that the sole issue presented for decision is whether W. L. McClure acquired fee simple title to the timber on said tract under two deeds, both made by J. W. McClure on December 14, 1931.  In one deed he conveyed to his son W. L. McClure, the plaintiff, a life estate in a described 12½ acre tract, reserving to himself a life estate, and at the death of W. L. McClure the property going to the children of W. L. McClure in fee simple.  Following the description of the property is this provision: "With said tract of land goes the

right to have and enjoy the timber and pasture rights on the tract this deed described and deeded to L. S. McClure, and known as the timber and pasture lands." J. W. McClure, the grantor, died in 1934. The other deed was from J. W. McClure to L. S. McClure, another son, and conveyed a life estate to L. S. McClure in the 35 acre tract described in plaintiff's petition, subject to a life estate reserved by the grantor, and provided that upon the death of L. S. McClure the land should go to the children of Carl McClure and W. L. McClure. Following the description in that deed is the following: "A right of way along the east side of said described tract of land is to be kept and maintained to a spring branch, for the purpose of getting water and timber, the right being given to other members of my family, to wit: My boys to have timber rights and pasture rights on said thirty-five acres, more or less." *Held:*

1. Construing the deed to plaintiff W. L. McClure, it is clear that under no circumstances could W. L. McClure have acquired more than a life estate in the timber and pasture rights on the 35 acre tract. The deed to the 12½ acre tract, under which he claims the timber on the 35 acre tract, does not expressly convey the timber and pasture rights to him, but provides that these rights go "with said tract of land." Under that deed he takes only a life estate in the 12½ acre tract of land. The timber and pasture rights go "with the tract of land." The tract of land goes to him for life, so the timber and pasture rights also go to him for life. Thus he has no more than a life estate in the timber and pasture rights on the 35 acre tract under his deed. What effect the deed from his father to L. S. McClure to the 35 acre tract has upon W. L. McClure's timber and pasture rights in the 35 acre tract is not material to a decision of this case, for it clearly did not extend his interest to more than a life estate.

2. Since W. L. McClure had no more than a life estate in the timber on the 35 acre tract, and he does not allege that in order to properly preserve and protect the property it was necessary to cut the timber he was cutting, his petition fails to show a right to cut the timber he was cutting thereon. *Code* § 85-604; *Sutton v. Bennett*, 215 Ga. 379 (110 SE2d 650); *Graham v. Bryant*, 211 Ga. 856, 857 (4) (89 SE2d 640, 51 ALR2d 1371); *Woodward v. Gates*, 38 Ga. 205 (5).

Plaintiff's petition alleged that as owner of the fee simple title to the timber he had a right to cut it and that this he was doing when the defendant interfered with him. His petition fails to state a cause of action for injunctive relief against defendant from interfering with his cutting of the timber or for damages therefor. The trial court did not err in sustaining the defendant's demurrers.

Judgment affirmed. All the Justices concur.

SUBMITTED NOVEMBER 15, 1962—DECIDED DECEMBER 3, 1962.

Frank M. Gleason, for plaintiff in error.
Shaw & Shaw, George P. Shaw, contra.