S96A0079. McINTYRE v. SCARBROUGH et al.
(471 SE2d 199)

THOMPSON, Justice.

In October 1988, plaintiffs Russell and Sally Scarbrough purchased from defendant Dillie McIntyre a 16.59-acre tract of land by warranty deed, with reservation of a life estate in Ms. McIntyre in 1.2 acres which included a mobile home, porch, and shed. The reservation provided: "[L]ife estate is for [McIntyre's] natural life and during her occupancy of this tract as a personal residence. As to this tract, [McIntyre] shall be responsible for maintenance and upkeep of the property and all improvements thereon and for payment of ad valorem taxes."

In 1994, the plaintiffs brought a petition to establish title and to terminate the life estate, and subsequently moved for summary judgment, asserting that: (1) the defendant ceased occupying the tract as a personal residence in violation of the warranty deed, and (2) committed waste by failing to maintain the property and improvements thereon. After initially denying summary judgment to the plaintiffs, the trial court reversed its ruling on motion for reconsideration. Because the evidence conclusively established that the life tenant failed to exercise ordinary care for the preservation of the property, we agree with the trial court that she forfeited her interest to the remaindermen and that they are entitled to immediate possession.

The evidence on summary judgment showed the following: The Scarbroughs both averred by affidavit that they had not seen Ms. McIntyre on the property since 1990; that there was no water or gas service to the mobile home, nor a mailbox on the property; and that the structure is in a state of dilapidation. Ms. Scarbrough further averred that ad valorem property taxes had accrued on the McIntyre property since 1990, and that she (Ms. Scarbrough) was forced to pay the arrearage to avoid injury to her remainder interest. The Scarbroughs also offered the affidavit of a fire marshal who opined that the mobile home appeared to have been vacant for some time; that it was in a general state of decay and disrepair; and that it posed fire and health hazards and was unfit for habitation.

In response, Ms. McIntyre offered her own affidavit in which she stated that she is now 90 years of age, that she had been recently unable to occupy her residence due to health problems, and that she was in the process of renovating her home to make it fit for habitation. A July 29, 1994 sheriff's entry of service form shows that Ms. McIntyre could not be located and served because she was residing in a convalescent home outside the court's jurisdiction.

Ms. McIntyre also offered the affidavit of her grandson who averred that she had been confined away from home for medical reasons, that she had always expressed her intention of returning to the home and occupying it for the remainder of her life, that she had never removed any of her personal belongings during the time she was away, and that he completed certain repairs to the mobile home making it fit for habitation.

1. The trial court found that the warranty deed required Ms. McIntyre to occupy the tract as a personal residence as a condition of her life estate, concluding that "occupy" meant to "to dwell in" according to Webster's New Universal Unabridged Dictionary. Relying on the affidavits of record, the court found as a matter of law that Ms. McIntyre failed to occupy the property. However, the court's definition of occupancy was too narrow.

"Occupy" is more expansively defined in Black's Law Dictionary, p. 1231 (Rev. 4th ed. 1968) as "to hold possession of; to hold or keep for use; to possess." Because one may occupy a residence by holding it or keeping it for use, the court erred in imposing a requirement that permanent physical presence was necessary to fulfill the occupancy requirement of the warranty deed. Evidence that Ms. McIntyre had never removed any of her personal belongings during the time she had been away for medical reasons, as well as her stated ongoing intent to occupy the residence until her death, raises a question of fact as to whether she continued to occupy the residence while residing elsewhere for medical recuperation.

2. The trial court, however, correctly determined that the plaintiffs were entitled to judgment as a matter of law under plaintiffs' alternative theory of recovery, that the life estate was extinguished under the doctrine of waste.

A life tenant is entitled to the full use and enjoyment of the property if in such use he or she exercises the ordinary care of a prudent person for its preservation and protection and commits no acts which would permanently injure the remainder interest. OCGA § 44-6-83; *Graham v. Bryant*, 211 Ga. 856 (89 SE2d 640) (1955). The unrebutted evidence shows that Ms. McIntyre had failed to pay ad valorem property taxes on the 1.2-acre tract for the years 1991 through 1993, or on the improvements for the years 1992 through 1994. In *Austell v. Swann*, 74 Ga. 278, 281 (1885), this Court stated

that "a neglect to pay the burdens imposed by law upon the property during the term would be a want of such ordinary care as a prudent person should exercise for its protection and preservation, and would tend to divest the title to the fee by exposing it, or a portion of it, to sale, to raise the taxes levied on it." See also *Kirk v. Bray*, 181 Ga. 814, 831 (184 SE 733, 742) (1936) (a remainderman has a right to cause forfeiture for waste for non-payment of taxes). In *Smith v. Minich*, 215 Ga. 386 (110 SE2d 649) (1959), this Court found the non-payment of taxes as one element in a forfeiture proceeding. In the present case, not only was the defendant obligated by law to maintain taxes on her portion of the property, but she also specifically agreed to pay ad valorem taxes as a condition of the warranty deed. Although the question of waste is generally one for a jury, see *Wright v. Conner*, 200 Ga. 413 (37 SE2d 353) (1946), the undisputed facts show that the defendant failed to exercise ordinary care for the preservation of the property, and to comply with a condition of the warranty deed, resulting in forfeiture of the life estate as a matter of law.

*Judgment affirmed. All the Justices concur, except Benham, C. J., Hunstein and Carley, JJ., who dissent.*

BENHAM, Chief Justice, dissenting.

I agree fully with the first division of the majority opinion, and I believe the evidence submitted on motion for summary judgment would, in a trial, support a verdict for the Scarbroughs. I do not believe, however, that they are entitled to judgment as a matter of law, so I must dissent from the majority opinion's affirmance of the trial court's grant of summary judgment on the issue of waste.

As the majority opinion correctly notes, the question of waste is generally one for a jury. *Wright v. Conner*, 200 Ga. 413 (37 SE2d 353) (1946). That is especially so in a case such as the present one where there is evidence presented in defense of the life estate to the effect that any damage to the estate has been unintentional and due to the circumstances of the holder of the life estate rather than from disregard of the estate. In its fifth headnote, *Wright* adopts from *Roby v. Newton*, 121 Ga. 679, 683 (49 SE 694) (1905), the analysis of the statute now codified as OCGA § 44-6-83. In *Roby*, this Court noted that, as forfeitures are not favored, the statute must be strictly construed, as a criminal statute must be. The court went on to construe the statute as requiring a concurrence of permissive (lack of due care) and voluntary (active) waste, and held that the waste which would authorize forfeiture must be committed "in such a manner as to indicate an utter disregard of the rights of those who are thereafter to take."

In the present case, there is evidence that Ms. McIntyre has made some efforts, through the agency of her son, to reverse the deterioration of the property and that she has been ill and unable to care

for the property adequately, although she has always intended to return to it. That evidence, if believed, does not show the wilful behavior required to warrant a forfeiture. The evidence offered in favor of forfeiture does not demand, as a matter of law, a finding of wilfulness. As this Court noted in *Grimm v. Grimm*, 153 Ga. 655, 659 (113 SE 91) (1922), "if the life-tenant from poverty or inability to keep the premises from falling into decay, allowed them to get in such condition, such conduct would be merely permissive, and would not be voluntary . . . ."

"The question of intent . . . fits the pattern of those issues of material fact which are not appropriate issues for summary judgment but are decided by the trier of fact. [Cit.]" *State Farm Fire &c. Co. v. Morgan*, 258 Ga. 276 (368 SE2d 509) (1988). The question of whether Ms. McIntyre's conduct with regard to the life estate she holds has been so egregiously wasteful as to warrant forfeiture of her interest in the property should be submitted to a jury. I must, therefore, dissent to the affirmance of the trial court's grant of summary judgment on that issue.

I am authorized to state that Justice Hunstein and Justice Carley join in this dissent.

DECIDED MAY 28, 1996 —
RECONSIDERATION DENIED JUNE 28, 1996.

*Robert E. Andrews*, for appellant.
*Hunt, Coleman, Vaughan & Chambers, Donald T. Hunt, Christopher E. Vaughan, Jennifer C. Bagwell*, for appellees.