## S01A0331. ROACH v. GWINNETT COUNTY et al.
### (545 SE2d 912)

SEARS, Justice.

Appellant Irene Roach appeals from the trial court's order directing that condemnation proceeds deposited in the court's registry be paid in their entirety to appellees. Having reviewed the record, we agree with the trial court that the life estate interest appellant

once held in the condemned property had terminated at the time of condemnation, and that title to the property had passed to the appellee remaindermen. Therefore, we affirm.

In 1988, James Wilton Roach deeded his Gwinnett County property to appellees Gail Roach Hall, James Milton Roach, and Tony Lane Roach. In the deed, James Wilton Roach reserved a life estate in the property for himself and for his wife, appellant Irene Roach. The deed stated that Irene Roach's life estate was conditioned upon her remaining on the property until her death. Under the deed, if Irene Roach vacated the property prior to her death, her life estate interest would terminate, and title to the property would vest with the remaindermen, appellees in this case.

James Wilton Roach died in 1992. In May 2000, Gwinnett County filed a petition to condemn a portion of the Gwinnett County property as part of a highway construction project. A declaration of taking was filed, the property was condemned, and condemnation funds were paid into the registry of the court. Appellees then filed a motion to draw down the condemnation funds, in which they claimed that because Irene Roach's life estate interest in the property had terminated, appellees were entitled to receive all of the funds.

In support of their motion, appellees submitted affidavit evidence attesting that Irene Roach vacated the subject property in 1990, that she did not live on the property at the time of James Wilton Roach's death, and that she had not lived on the property since that death occurred. Appellees also submitted evidence showing that between 1994 and 2000, they had paid all property taxes owed on the property. In response, Irene Roach submitted affidavit evidence stating that she had been involuntarily forced to vacate the property by at least one of the appellees. Irene Roach did not indicate when this involuntary vacating of the property occurred, but did assert that since she was improperly forced to leave the property, her life estate should not be deemed to have terminated.

The trial court found that because Irene Roach had vacated the subject property, under the terms of James Wilton Roach's 1988 conveyance, her life estate interest in the property had terminated, leaving appellees with exclusive title to the land and the exclusive right to all condemnation proceeds. The trial court also found that even if Irene Roach was wrongfully removed from the land, as she claimed, her failure to pay property taxes on the land between 1994 and 2000 constituted waste as a matter of law, thus terminating her life estate.[1] Finally, the trial court found that even if Irene Roach had been involuntarily removed from the property, her failure to take

---

[1] See *McIntyre v. Scarbrough*, 266 Ga. 824 (471 SE2d 199) (1996).

action against such removal for seven years following her husband's death in 1992 allowed the time for adverse possession to run, thereby terminating her life estate interest.[2]

Having reviewed the record, we conclude that the trial court ruled correctly. A life estate may be made by the grantor thereof with provisions providing for a reverter of such life estate if such conditions are met.[3] Nothing in the record refutes appellees' evidence that Irene Roach (1) vacated the property in 1990; (2) did not inhabit the property at the time of James Wilton Roach's death, and (3) had not inhabited the property since 1990. Hence, under the clear terms of James Wilton Roach's 1988 conveyance, Irene Roach's life estate in the property had terminated at the time Gwinnett County instituted condemnation proceedings.

While Irene Roach did contend before the trial court that she had been wrongfully forced to vacate the property, she did not indicate when that wrongful removal occurred. As explained above, nothing in the record refutes appellees' evidence that Irene Roach vacated the property in 1990; hence the trial court was obligated to conclude that as of 1990, she no longer occupied the property, and her life estate had terminated as of that date.[4] Assuming arguendo that Irene Roach's vacating of the property in 1990 was involuntary, she failed to take any action to remedy her alleged wrongful removal for more than seven years thereafter, and by the time the condemnation action was filed in 2000, adverse possession had run against her as a matter of law.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Harrison & Harrison, G. Hughel Harrison*, for appellant.
*Karen G. Thomas, Brock E. Perry*, for appellees.

---

[2] See OCGA § 44-5-164.

[3] *Mid-State Homes v. Johnson*, 218 Ga. 397 (128 SE2d 197) (1962).

[4] See OCGA § 9-11-56 (e) (concerning a trial court's treatment of affidavit evidence when entering judgment on the pleadings).

[5] See OCGA § 44-5-164 ("Possession of real property under written evidence of title in conformance with the requirements of Code section 44-5-161 for a period of seven years shall confer good title by prescription to the property against everyone.").